IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE



JOSEPH BIRCH
    Plaintiff

v.

E.I. DuPONT de NEMOURS & CO., INC.,
    Defendant

CIVIL ACTION NO:  05  799

TRIAL BY JURY IS DEMANDED

## COMPLAINT

### Jurisdiction

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), to redress arbitrary, improper, unlawful, willful, deliberate and intention discrimination with respect to her compensation, terms, conditions and privileges of employment by Defendant, based on his race (African-American).

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title VII, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

3. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

4. All conditions precedent to the institution of this suit have been fulfilled. On August 19, 2005, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed within ninety (90) days of receipt of said notice.

## Parties

5. Plaintiff, Joseph Birch ("Plaintiff"), is a citizen of the State of New Jersey and resides therein at 66 Hetton Court, Glassboro, New Jersey.

6. Defendant, E.I. Dupont de Nemours & Co., Inc., ("Defendant"), was and is now a corporation duly organized and existing under the laws of the State of Delaware with a business address of 300 Lake Side, Newark, Delaware.

7. At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting with the scope of their authority, course of employment, and under the direct control of Defendant.

8. At all times material herein, Defendant has been a "person" and "employer" as defined under Title VII and is subject to the provisions of said Act.

## Allegations of Fact

9. The Plaintiff was employed by the Defendant from December 16, 2002 until August 13, 2004, as an Associate Biologist in the Defendant's Fermentation Research Facility. At the time of his separation from employment with the Defendant, the Plaintiff was earning a salary of approximately $56,000.00 per annum, plus benefits.

10. At all times relevant to his tenure of employment, the Plaintiff maintained a satisfactory job performance rating with the Defendant and performed his job functions in a dutiful and competent manner.

11. The Plaintiff was one of only two African-American employees employed in the Defendant's Fermentation Research Facility.

12. During the course of his employment, the Plaintiff and the aforementioned

African-American female co-worker, were subjected to a systematic and continuous pattern of racial discrimination, which adversely impacted upon the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

13. In connection thereto, the Defendant's agents, servants and employees, including on Michael Hamlet, the Plaintiff's immediate supervisor, subjected the Plaintiff to disparate standards of treatment on the basis of his race.

14. The acts of racial discrimination included, but were not limited to: being reprimanded and subjected to stern criticism for fermentation run failures, when other non-African American technicians were not written up, warned and/or scrutinized in that manner; not being extended constructive criticism like other non-African American employees, who were routinely told that their failures were the result of a learning curve; being improperly relieved of his duties as Lead Technician, and subsequently replaced in that capacity by a non-African American technician; being passed-over for the position of Shift Leader, a position given to a newly hired, non-African American technician; and being required with the other African American technician to clean and prepare vessels and for the upcoming week's runs, when non-African-Americans were not asked to do so.

15. The Plaintiff was also forced by Defendant's house physician to return to work while doctoring for a serious illness; yet, when another non-African American employee took time off for an illness, he was given ample time off.

16. The Plaintiff resisted and opposed the aforesaid discriminatory practices and complained to the Defendant regarding the same.

17. The Defendant failed to investigate the aforesaid complaint of discrimination or to take any remedial action on behalf of the Plaintiff respecting the same.

18. The Defendant's actions in failing to remediate the aforesaid acts of discrimination fostered and perpetuated a hostile work environment, and corporate culture of racism against African-Americans in general and the Plaintiff in particular.

19. On or about August 13, 2004, the Plaintiff was forced to resign his position of employment with the Defendant, as a direct result of the continued and intensified harassment and dissimilar treatment experienced by the Plaintiff.

20. Further, notwithstanding that the Plaintiff continued to register complaints to the Defendant after his untimely resignation, the Defendant still took no action to investigate and/or remedy his concerns, as a foresaid.

21. The Plaintiff believes and therefore avers that he was subjected to racial discrimination, differential and disparate standards of treatment on the basis of his race, and was forced to resign his employment due to the hostile work environment which was fostered and perpetuated by the Defendant.

## COUNT I
## TITLE VII
**(Race Discrimination; Hostile Work Environment; Constructive Termination)**

22. Plaintiff incorporates by reference paragraphs 1 through 21 of his Complaint as though fully set forth at length herein.

23. The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to race discrimination in the terms, conditions and

privileges of his employment, in subjecting him to a hostile work environment, and in constructively terminating the Plaintiff from his employment as a result of his race, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

24. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

25. As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, loss of future earning power, loss of back pay and front pay and interest due thereon.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant compensate Plaintiff with rates of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

(b) Defendant compensate Plaintiff with an award of front pay, if appropriate;

(c) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(d) Defendant pay to Plaintiff punitive damages under Title VII, as well as compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(e) Defendant pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(f)     The Court award such other relief as is deemed just and proper.

_____
JOSEPH BIRCH, Pro Se

66 Hetton Court
Glassboro, N.J. 08028
(856) 863-5560
(856) 381-6253

11. Defendant's conduct is discriminatory with respect to the following:
    A. ● Plaintiff's race
    B. ● Plaintiff's color
    C. ○ Plaintiff's sex
    D. ○ Plaintiff's religion
    E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

*THEREFORE*, **Plaintiff prays as follows: (Check appropriate letter(s))**

   A. ● That all fees, cost or security attendant to this litigation be hereby waived.
   B. ○ That the Court appoint legal counsel.
   C. ● That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 11705

_____
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (10/96)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Joseph Birch
66 Hetton Court
Glassbor, NJ 08028

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA   19106-2515

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 170-2005-00348 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA under-payment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____    August 19, 2005
Marie M. Tomasso, District Director    *(Date Mailed)*

Enclosure(s)

cc:   El DuPont De Nemours
      Kevin I. Lovitz, Esquire (For Charging Party)
      Charles G. Schussler, Human Resources Manager  (For Respondent)