IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSEPH BIRCH, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-799 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. DUPONT DE NEMOURS & CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 34, Defendant E. I. du Pont de Nemours and Company, Inc. ("DuPont") hereby requests that Plaintiff Joseph Birch produce for inspection and copying at the offices of Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below.

**GENERAL INSTRUCTIONS**

1. In responding to this request for production of documents, the responding party is requested to furnish all documents that are in his possession, custody or control, including information in the possession of his attorneys or other persons directly or indirectly employed or retained by him, or connected with the responding party or his attorneys, or anyone else acting on his behalf or otherwise subject to his control.

2. If the responding party cannot respond to any document request in full, he should respond to the fullest extent possible, explain why he cannot respond to the remainder, and describe the nature of the documents that he cannot furnish.

3.   The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

(a)   "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way.  Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

(b)   "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example

and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

  (c) "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

  (d) "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

  (e) Any reference to "and" includes "or." Any reference to "or" includes "and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

  (f) If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

    i) the type of document;

    ii) the date upon which it ceased to exist;

    iii) the circumstances under which it ceased to exist;

    iv) the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

    v) the name, address, and telephone number of each person having knowledge of the contents thereof.

## **PRIVILEGED MATERIAL**

For any documents withheld on privilege grounds, or any other grounds, please provide a written response with the following information:

(a) a description of the document sufficiently particular to identify it for purposes of a court order;

(b) the date of the document;

(c) the number of pages of the document;

(d) a list of all persons who participated in the preparation of the document;

(e) a list of all persons who have received or reviewed copies of the document;

(f) a list of all persons to whom the document was circulated, or its contents communicated; and

(g) the nature of the protection claimed.

## **DOCUMENTS TO BE PRODUCED**

REQUEST FOR PRODUCTION NO. 1

All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which refer or relate to, describe, evidence, support, contradict, summarize, or memorialize the allegations in the Complaint and/or any of the allegations in Plaintiff's charge of discrimination against Defendant filed with the Delaware Department of Labor and/or the Equal Employment Opportunity Commission ("EEOC").

## REQUEST FOR PRODUCTION NO. 2

Any and all documents obtained, received or taken by Plaintiff that refer or relate to Defendant, including all documents that you obtained, whether directly or indirectly, from Defendant in your employment with DuPont, including any audio or video recordings you may have made in the workplace, and including any emails which in any way relate or refer to this litigation, your employment with DuPont and/or your complaints as alleged in the Complaint, and specify the computer or computers from which these emails were generated.

## REQUEST FOR PRODUCTION NO. 3

Any and all documents sent or given by Plaintiff to DuPont before, during, or after the period of Plaintiff's employment with DuPont.

## REQUEST FOR PRODUCTION NO. 4

Any and all journals, notes, diaries, calendars, appointment books, schedules, work activity logs, and/or similar records maintained by Plaintiff, or on Plaintiff's behalf, in the past ten years.

## REQUEST FOR PRODUCTION NO. 5

Any and all documents, notes, statements, letters, memoranda, e-mails, or records of communication between Plaintiff and any other person, including but not limited to any present

or former employee of Defendants, that refer or relate to any of the allegations set forth in the Complaint.

REQUEST FOR PRODUCTION NO. 6

Any and all documents pertaining to your claim for damages or the methods used to calculate such alleged damages.

REQUEST FOR PRODUCTION NO. 7

Any and all documents that refer or relate to any medical treatment, examination, consultation, diagnosis, or referral (whether medical, psychological, psychiatric, or otherwise) received by Plaintiff or any prescription issued to Plaintiff. The time period for this request is December 1, 2002 to the present, except with respect to psychological and/or psychiatric treatment, examination, consultation, diagnosis, and referral, for which there is no date restriction.

REQUEST FOR PRODUCTION NO. 8

Any and all documents provided by Plaintiff or his agents or attorneys to the EEOC or any other federal, state, or local agency, relating to any charge of discrimination filed by Plaintiff against DuPont, or any of Plaintiff's employers, and any and all documents received by Plaintiff, his agents, or attorneys from any such agencies.

REQUEST FOR PRODUCTION NO. 9

Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statements, affidavits, or other documents relating to DuPont's policies and procedures, Plaintiff's employment with DuPont, or Plaintiff's claims against Defendant including all documents that Plaintiff received from Defendant.

REQUEST FOR PRODUCTION NO. 10

Each and every statement relating or referring to the allegations made in the Complaint and/or the subject matter of this action made by you or any other person.

REQUEST FOR PRODUCTION NO. 11

Any and all documents which relate or refer to any complaint by you, whether internal or otherwise, regarding any allegation of discrimination, harassment, and/or retaliation in employment.

REQUEST FOR PRODUCTION NO. 12

Any and all documents concerning your job duties or job performance while employed by DuPont including, but not limited to, any documents concerning performance problems, any and all documents concerning violations of any company policy, any and all performance appraisals or reviews, and any and all job descriptions.

REQUEST FOR PRODUCTION NO. 13

Any and all documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness that you plan to call at the trial of this matter.

REQUEST FOR PRODUCTION NO. 14

Any and all income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from 2002 to the present, including any W-2 forms relating to such tax returns and any supporting records.

REQUEST FOR PRODUCTION NO. 15

Copies of any and all documents in any way relating to Plaintiff's search for employment following your employment with DuPont and/or any efforts by you to mitigate your damages in this case.

REQUEST FOR PRODUCTION NO. 16

Any and all documents, including writings of any type, notes, journals, diaries, summaries, transcripts or tape recordings, of any conversations or communication involving you or any current or former agent, director, officer, manager, supervisor, or employee of DuPont.

REQUEST FOR PRODUCTION NO. 17

Any and all documents that pertain to or relates to any lawsuits asserted or administrative claims filed by Plaintiff from January 1, 2000 to the present.

REQUEST FOR PRODUCTION NO. 18

Any and all documents referred to, relied on, or consulted in responding to Defendant's Interrogatories to Plaintiff.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
|  | By: /s/ Sarah E. DiLuzio |
| Of Counsel: | Kathleen Furey McDonough (I.D. #2395) |
|  | Sarah E. DiLuzio (I.D. # 4085) |
|  | 1313 North Market Street |
| Evelyn H. Brantley (#3380) | P.O. Box 951 |
| E. I. du Pont de Nemours and Company | Wilmington, DE  19899-0951 |
| DuPont Legal, D7146 | Telephone:  (302) 984-6000 |
| 1007 Market Street | Telefax:  (302) 658-1192 |
| Wilmington, Delaware 19898 | kmcdonough@potteranderson.com |
| (302) 773-0369 | sdiluzio@potteranderson.com |
|  |  |
| Dated:  July 17, 2007 | *Attorneys for Defendant* |
| 807275/2012-366 | *E.I. du Pont de Nemours and Company* |