# EXHIBIT A



**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Sarah E. DiLuzio**
Attorney
sdiluzio@potteranderson.com
302  984-6019  Direct Phone
302  778-6019  Fax

July 17, 2007

<u>First Class Mail</u>

Mr. Joseph Birch
66 Hetton Court
Glassboro, NJ  08028

Re:    Joseph Birch v. E. I. du Pont de Nemours and Company
       Civil Action No. 05-799 JJF

Dear Mr. Birch

  As you know, the parties in this action submitted their Proposed Scheduling Order to the Court on March 15, 2007 and the Court signed the Order on March 21, 2007.  As you also know, pursuant to the Scheduling Order the deadline for the parties to exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2. ("Initial Disclosures") was May 4, 2007.

  Your Initial Disclosures are now over two (2) months overdue and you are in violation of the Court Rules and the Scheduling Order.  Please file and serve your Initial Disclosures no later than July 23, 2007.  Failure to do so will leave my client no alternative other than to file a Motion to Compel with the Court.

  Additionally, I am enclosing herewith Defendant's First Set of Interrogatories and Document Requests.  The Federal Rules of Civil Procedure require that you fully respond to these discovery requests within thirty (30) days.

  Please call me if you would like to discuss the foregoing.

Very truly yours,

Sarah E. DiLuzio

SED/pwm:807193
cc:  Evelyn H. Brantley, Esquire
  Kathleen Furey McDonough, Esquire

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH BIRCH,          )
                       )
       Plaintiff,       )     C.A. No. 05-799 (JJF)
                       )
       v.             )
E. I. DUPONT DE NEMOURS   )
& CO., INC.,              )
                       )
       Defendant.     )

## DEFENDANT'S FIRST SET OF INTERROGATORIES
## DIRECTED TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule of Civil Practice and

Procedure of the United States District Court for the District of Delaware 26, Defendant E. I. du

Pont de Nemours and Company, Inc. ("DuPont"), by and through its undersigned counsel,

hereby propounds and serves the following written interrogatories upon Plaintiff Joseph Birch to

be answered in writing and under oath within 30 days after service. These interrogatories are

deemed to be continuing. The answers to said interrogatories are to be kept current so as to

require further or supplemental answers between the time the interrogatories are served and the

time of hearing or trial.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the

indicated meanings:

1.     "Complaint" means the Complaint in the above-captioned matter.

2.     "Communication" or "communications" means any type of oral, written or visual

contact(s) between two or more persons in which information, facts, statements, conversations or

opinions were exchanged, imparted or received, including by way of example and without

limitation, personal conversations, telephone conversations, letters, meetings, memoranda,

telegraphic and telex communications or transmittals of documents, electronic mail, and all

documents concerning such writing or such oral conversation.

3.    "Defendant" means DuPont.

4.    "Describe," "describing," and "set forth" mean to state the substance of the event,

circumstances, communication, representation, conversation, meeting, transaction, occasion, or

other occurrence in question; the date, time, place and identity of all persons present thereat or

participating therein; that which each such person said and did; the approximate duration of such

occurrence; the method or means of communication employed; the identity of all documents

relating thereto; and the identity of all persons having knowledge of such occurrence; as well as

the date and means when and whereby such knowledge was first acquired.

5.    "Document" includes, but is not limited to, any writing, whether printed,

typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical

process, including the originals or copies when originals are not available, and any non-identical

copies, including any copy that has been modified or annotated in any way.  Such documents

include, but are not limited to, any writing filed for reporting or other purposes with any federal,

state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or

interoffice communications; circulars, bulletins; manuals; results of investigations; progress

reports; analyses; projections; studies made by or for any business or personal use; working

papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts;

vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay

stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals;

diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic,

electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

6.     "Identify," "identity," or "identification" means, when used in reference to:
    (1)     a natural person, his or her:
        (a)     full name;
        (b)     present or last known home address and phone number;
        (c)     present or last known business address and phone number;
        (d)     present or last known occupation, position, business affiliation, and job description; and
        (e)     occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered;

    (2)     a company, corporation, association, partnership, or legal entity other than a natural person:
        (a)     its full name;
        (b)     a description of the type or organization or entity;
        (c)     the full address of its principal place of business;
        (d)     the jurisdiction of incorporation or organization; and
        (e)     the date of its incorporation or organization;

    (3)     a document:
        (a)     its description (for example, letter, memorandum, report);
        (b)     its title;
        (c)     its date;
        (d)     the number of pages thereof;
        (e)     its subject;
        (f)     the identity of its author, signatory or signatories, and any person who participated in its preparation;
        (g)     the identity of its addressee or recipient;
        (h)     the identity of each person to whom copies were sent and each person by whom copies were received;
        (i)     its present location; and
        (j)     the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when);

    (4)     an oral communication or statement:
        (a)     the date and time it occurred;
        (b)     the place it occurred;
        (c)     the complete substance of the communication;
        (d)     the identity of each person:
            (i)     to whom such communication was made;

(ii)   by whom such communication was made; and
(iii)  who was present when such communication was made;
(e)  if by telephone:
(i)    the identity of each person:
(ii)   who made each telephone call;
(iii)  who participated in each call;
(f)  the identify of all documents memorializing, referring to or relating in any way to the subject of the communication.

7.    "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

8.    "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

9.    "You" or "your" refers to the Plaintiff in the above-captioned matter and/or his agents or representatives.

10.    Any reference to "and" includes "or." Any reference to "or" includes " and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

## INSTRUCTIONS

1.    Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory. Where an interrogatory relates to more than one person or subject , it is to be answered as to each such person or subject separately.

2.     You are to furnish all information which is available to you as of the date of your answers to these interrogatories. If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

3.     With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

4.     When an interrogatory or any of its subparts calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

5.     If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

(a)     identify each document or communication;

(b)     identify the privilege and set forth the factual basis for the privilege claimed; and

(c)    set forth each subparagraph of the interrogatory to which each such document or communications is responsive.

6.    If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

(a)    the identity of each person who determined that each such document would be removed or destroyed;

(b)    the identity of each person who authorized the destruction or removal of each such document;

(c)    the identity of each such person who removed or destroyed each such document;

(d)    the substance and content of each such document; and

(e)    the date and location and the manner in which each such document was removed or destroyed.

## INTERROGATORIES

1.    State your educational background and academic degrees obtained. If you are currently working toward a degree, identify the degree sought and progress made toward completion of the requirements for that degree. As to each item listed in the answer to this interrogatory, set forth the dates and/or years of same, as well as the names and addresses of each institution attended.

**RESPONSE:**

2.    With respect to your employment history prior to your most recent employment
by Defendant DuPont, state the identities and addresses of each of your prior employers and the
dates during which you were employed by each.

**RESPONSE:**

3.    As to each employer identified above, state the positions held and a description of
your duties and responsibilities for each and the dates thereof.

**RESPONSE:**

4.    As to each position identified in the preceding interrogatory, state the name of
your supervisor in that position and the nature and substance of any evaluation received while in
said position.

**RESPONSE:**

5.    With respect to your claims for damages contained in the Complaint, set forth the identity of all documents or oral communications which refer or relate in any manner to, and all persons having knowledge of, your claim for damages and/or the calculation of same (as to each such person so identified, describe fully his or her knowledge).

**RESPONSE:**

6.    Identify each employer for whom you have worked subsequent to your resignation from Defendant DuPont and state the dates of said employment.

**RESPONSE:**

7.    As to each employer identified in your response to Interrogatory No. 6, identify each position held by you and the duties and responsibilities of said position.

**RESPONSE:**

8.    As to each position identified in response to the preceding interrogatory, identify your immediate supervisor and state the nature and substance of any evaluation received by you while in that position.

**RESPONSE:**

9.    As to each employer identified in response to Interrogatory No. 6 for which your employment was terminated (either by you or your employer), state the date of termination and the reason for the termination of employment.

**RESPONSE:**

10.    With respect to your claim for damages, identify any additional sources of income (including, though not by way of limitation, income earned while self-employed or as a sole proprietor of a business or as a partner in a partnership, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, Social Security benefits and disability benefits) which you have received subsequent to your employment at Defendant DuPont.

**RESPONSE:**

11.    With respect to each source of income identified in the preceding interrogatory, state the amount of the income received (including the initial rate of payment and the amount of all subsequent increases), the dates of commencement and termination of each source of income, and the reasons for termination of each source of income.

**RESPONSE:**

12.    Describe in detail all efforts by you to obtain employment subsequent to your employment with Defendant DuPont (including in your response the identity of any other employers as to whom inquiries were made regarding possible employment and the dates thereof, the identity of all employment agencies and/or placement firms which were contacted during each period of unemployment and the dates thereof, and the identity of the positions sought and the applicable compensation).

**RESPONSE:**

13.    Identify all prospective employers with which you had interviews and/or which offered you a position subsequent to your employment at Defendant DuPont.

**RESPONSE:**

14.    As to each employer who offered you a position subsequent to your employment with Defendant DuPont, identify the position offered and proposed compensation.

**RESPONSE:**

15.    For each paragraph of the Complaint, identify by name, address and telephone number of all persons having knowledge of facts relevant to the subject mater of this litigation.

**RESPONSE:**

16.    Describe in detail the extent and nature of the knowledge held by each person identified in the preceding interrogatory.

**RESPONSE:**

17.    Identify each expert whom you expect to testify at trial.

**RESPONSE:**

18.    As to each person named in the answer to the preceding interrogatory, state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each opinion.

**RESPONSE:**

19.    Identify each person who investigated the subject matter of this litigation for you or on your behalf.

**RESPONSE:**

20.    Identify any persons who have taken or made statements concerning this matter.

**RESPONSE:**

21.    As to each person identified in the preceding interrogatory, describe in detail the nature and contents of the statement (including in your answer the identity of the person making each such statement, when and where each such statement was taken, the type of statement taken, whether written, recorded or oral, and the purpose of making the statement).

**RESPONSE:**

22.    Identify each physician, psychiatrist, psychologist, counselor, therapist, or other health professional or provider whom you have consulted and/or from whom you have sought treatment for any reason during the last ten years.

**RESPONSE:**

23.    Identify any and all persons who aided, assisted or participated in any manner in the preparation of the answers to this First Set of Interrogatories.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: _____
Kathleen Furey McDonough(I.D.# 2395)
Sarah E. DiLuzio (I.D. # 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Telefax:  (302) 658-1192
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

Of Counsel:

Evelyn H. Brantley (#3380)
E. I. du Pont de Nemours and Company
DuPont Legal, D7146
1007 Market Street
Wilmington, Delaware 19898
(302) 773-0369

Dated:  July 17, 2007
807275/2012-366

*Attorneys for Defendant*
*E.I. du Pont de Nemours and Company*

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio hereby certifies this 17th day of July, 2007, that DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF, was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2) true and correct copies were sent First Class U.S. Mail, postage prepaid, to the following:

> Joseph Birch, *Pro Se*
> 66 Hetton Court
> Glassboro, NJ 08028

Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware  19899-0951
Tel:  (302) 984-6000
E-mail:  sdiluzio@potteranderson.com

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH BIRCH, | ) |
| | ) |
| Plaintiff, | )    C.A. No. 05-799 (JJF) |
| | ) |
| v. | ) |
| | ) |
| E. I. DUPONT DE NEMOURS | ) |
| & CO., INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO PLAINTIFF

Pursuant to Federal Rule of Civil Procedure 34, Defendant E. I. du Pont de Nemours and Company, Inc. ("DuPont") hereby requests that Plaintiff Joseph Birch produce for inspection and copying at the offices of Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below.

## GENERAL INSTRUCTIONS

1.    In responding to this request for production of documents, the responding party is requested to furnish all documents that are in his  possession, custody or control, including information in the possession of his attorneys or other persons directly or indirectly employed or retained by him, or connected with the responding party or his attorneys, or anyone else acting on his behalf or otherwise subject to his control.

2.    If the responding party cannot respond to any document request in full, he should respond to the fullest extent possible, explain why he cannot respond to the remainder, and describe the nature of the documents that he cannot furnish.

3.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

## DEFINITIONS

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

(a)    "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

(b)    "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example

and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

(c)    "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

(d)    "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

(e)    Any reference to "and" includes "or." Any reference to "or" includes "and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

(f)    If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

      i)    the type of document;

      ii)    the date upon which it ceased to exist;

      iii)    the circumstances under which it ceased to exist;

      iv)    the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

      v)    the name, address, and telephone number of each person having knowledge of the contents thereof.

## PRIVILEGED MATERIAL

For any documents withheld on privilege grounds, or any other grounds, please provide a written response with the following information:

(a)    a description of the document sufficiently particular to identify it for purposes of a court order;

(b)    the date of the document;

(c)    the number of pages of the document;

(d)    a list of all persons who participated in the preparation of the document;

(e)    a list of all persons who have received or reviewed copies of the document;

(f)    a list of all persons to whom the document was circulated, or its contents communicated; and

(g)    the nature of the protection claimed.

## DOCUMENTS TO BE PRODUCED

REQUEST FOR PRODUCTION NO. 1

All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which refer or relate to, describe, evidence, support, contradict, summarize, or memorialize the allegations in the Complaint and/or any of the allegations in Plaintiff's charge of discrimination against Defendant filed with the Delaware Department of Labor and/or the Equal Employment Opportunity Commission ("EEOC").

REQUEST FOR PRODUCTION NO. 2

Any and all documents obtained, received or taken by Plaintiff that refer or relate to Defendant, including all documents that you obtained, whether directly or indirectly, from Defendant in your employment with DuPont, including any audio or video recordings you may have made in the workplace, and including any emails which in any way relate or refer to this litigation, your employment with DuPont and/or your complaints as alleged in the Complaint, and specify the computer or computers from which these emails were generated.

REQUEST FOR PRODUCTION NO. 3

Any and all documents sent or given by Plaintiff to DuPont before, during, or after the period of Plaintiff's employment with DuPont.

REQUEST FOR PRODUCTION NO. 4

Any and all journals, notes, diaries, calendars, appointment books, schedules, work activity logs, and/or similar records maintained by Plaintiff, or on Plaintiff's behalf, in the past ten years.

REQUEST FOR PRODUCTION NO. 5

Any and all documents, notes, statements, letters, memoranda, e-mails, or records of communication between Plaintiff and any other person, including but not limited to any present

or former employee of Defendants, that refer or relate to any of the allegations set forth in the Complaint.

## REQUEST FOR PRODUCTION NO. 6

Any and all documents pertaining to your claim for damages or the methods used to calculate such alleged damages.

## REQUEST FOR PRODUCTION NO. 7

Any and all documents that refer or relate to any medical treatment, examination, consultation, diagnosis, or referral (whether medical, psychological, psychiatric, or otherwise) received by Plaintiff or any prescription issued to Plaintiff. The time period for this request is December 1, 2002 to the present, except with respect to psychological and/or psychiatric treatment, examination, consultation, diagnosis, and referral, for which there is no date restriction.

## REQUEST FOR PRODUCTION NO. 8

Any and all documents provided by Plaintiff or his agents or attorneys to the EEOC or any other federal, state, or local agency, relating to any charge of discrimination filed by Plaintiff against DuPont, or any of Plaintiff's employers, and any and all documents received by Plaintiff, his agents, or attorneys from any such agencies.

REQUEST FOR PRODUCTION NO. 9

Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statements, affidavits, or other documents relating to DuPont's policies and procedures, Plaintiff's employment with DuPont, or Plaintiff's claims against Defendant including all documents that Plaintiff received from Defendant.

REQUEST FOR PRODUCTION NO. 10

Each and every statement relating or referring to the allegations made in the Complaint and/or the subject matter of this action made by you or any other person.

REQUEST FOR PRODUCTION NO. 11

Any and all documents which relate or refer to any complaint by you, whether internal or otherwise, regarding any allegation of discrimination, harassment, and/or retaliation in employment.

REQUEST FOR PRODUCTION NO. 12

Any and all documents concerning your job duties or job performance while employed by DuPont including, but not limited to, any documents concerning performance problems, any and all documents concerning violations of any company policy, any and all performance appraisals or reviews, and any and all job descriptions.

REQUEST FOR PRODUCTION NO. 13

Any and all documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness that you plan to call at the trial of this matter.

REQUEST FOR PRODUCTION NO. 14

Any and all income tax returns prepared by or for Plaintiff, whether filed jointly or separately, from 2002 to the present, including any W-2 forms relating to such tax returns and any supporting records.

REQUEST FOR PRODUCTION NO. 15

Copies of any and all documents in any way relating to Plaintiff's search for employment following your employment with DuPont and/or any efforts by you to mitigate your damages in this case.

REQUEST FOR PRODUCTION NO. 16

Any and all documents, including writings of any type, notes, journals, diaries, summaries, transcripts or tape recordings, of any conversations or communication involving you or any current or former agent, director, officer, manager, supervisor, or employee of DuPont.

REQUEST FOR PRODUCTION NO. 17

Any and all documents that pertain to or relates to any lawsuits asserted or administrative

claims filed by Plaintiff from January 1, 2000 to the present.


REQUEST FOR PRODUCTION NO. 18

Any and all documents referred to, relied on, or consulted in responding to Defendant's

Interrogatories to Plaintiff.


POTTER ANDERSON & CORROON LLP


By: _Sarah E. DiLuzio_

Kathleen Furey McDonough(I.D.#2395)
Sarah E. DiLuzio (I.D. # 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant*
*E.I. du Pont de Nemours and Company*

Of Counsel:


Evelyn H. Brantley (#3380)
E. I. du Pont de Nemours and Company
DuPont Legal, D7146
1007 Market Street
Wilmington, Delaware 19898
(302) 773-0369

Dated: July 17, 2007
807275/2012-366

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio hereby certifies this 17th day of July, 2007, that DEFENDANT'S

FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF, was

electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court

Electronic Document Filing System) and two (2) true and correct copies were sent First Class

U.S. Mail, postage prepaid, to the following:

>   Joseph Birch, *Pro Se*
>   66 Hetton Court
>   Glassboro, NJ 08028

>   Sarah E. DiLuzio (DSB ID No. 4085)
>   POTTER ANDERSON & CORROON LLP
>   Hercules Plaza, 6th Floor
>   1313 North Market Street
>   Post Office Box 951
>   Wilmington, Delaware  19899-0951
>   Tel:  (302) 984-6000
>   E-mail:  sdiluzio@potteranderson.com

# EXHIBIT D



Potter
Anderson
Corroon LLP

Sarah E. DiLuzio
Attorney
sdiluzio@potteranderson.com
302 984-6019 Direct Phone
302 778-6019 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

August 21, 2007

**Via Federal Express**

Mr. Joseph Birch
66 Hetton Court
Glassboro, NJ 08028

Re:    Joseph Birch v. E. I. du Pont de Nemours and Company
       Civil Action No. 05-799 JJF

Dear Mr. Birch:

I am writing to address your outstanding discovery obligations. Despite my letter of July 17, 2007, you have failed to file and serve your Initial Disclosures, as required by Federal Rule of Civil Procedure 26(a)(1) and D. Del. Local Rule 16.2.

Additionally, you have completely failed to respond to Defendant's First Set of Interrogatories and Document Requests, as required by Federal Rules of Civil Procedure 33 and 34. You have been served with a Notice of Deposition, which requires you to appear for a deposition on August 28, 2007. It is imperative that I have your responses to Defendant's First Set of Interrogatories and Document Requests before that date.

If you do not immediately provide your Initial Disclosures and Responses to Defendant's discovery requests, DuPont will have no alternative other than to file a Motion to Compel with the Court.

Please call me if you would like to discuss the foregoing.

Very truly yours,

Sarah DiLuzio

Sarah E. DiLuzio

813952
cc:  Evelyn H. Brantley, Esquire
     Kathleen Furey McDonough, Esquire

# EXHIBIT E

9712-1.txt

1

```
 1        IN THE UNITED STATES DISTRICT COURT
 2            FOR THE DISTRICT OF DELAWARE
 3   JOSEPH BIRCH,                    :
 4                    Plaintiff,      :
 5              vs.                   :    Civil Action No.
                                           05-799 (JJF)
 6   E. I. duPONT de NEMOURS &        :
     CO., INC.,
 7                                    :
                     Defendant.
 8                                - - -
 9              Statement for the record regarding
10   deposition of JOSEPH BIRCH, taken pursuant to notice
11   in the law offices of Potter, Anderson & Corroon,
12   Sixth Floor, Hercules Plaza, 1313 North Market Street,
13   Wilmington, Delaware, on Tuesday, August 28, 2007, at
14   10:03 a.m., before Lorraine B. Marino, Registered
15   Diplomate Reporter and Notary Public.
16                                - - -
17   APPEARANCE:
18                    SARAH E. DiLUZIO, ESQ.
                      Potter, Anderson & Corroon
19                    Hercules Plaza - Sixth Floor
                      1313 North Market Street
20                    Wilmington, DE   19801
                        for Defendant
21
22
23
24
25
```

2

```
 1              MS. DiLUZIO:  It is 10:00 a.m. on
```

Page 1

9712-1.txt
2   August 28, 2007.  This is the date and time which

3   DuPont, E. I. duPont de Nemours & Company, noticed the

4   deposition of plaintiff in this matter, Joseph Birch.

5   Mr. Birch is not here at the offices of Potter,

6   Anderson & Corroon, as required by the notice, which

7   was sent to him by Federal Express on August 14, 2007,

8   nor have I otherwise heard from Mr. Birch regarding his

9   absence.

10                  Would you please mark the notice.

11                  (Birch Deposition Exhibit No. 1 was

12   marked for identification.)

13                  (Recess taken.)

14                  MS. DiLUZIO:  Okay.  We are back on

15   the record in the matter of Joseph Birch vs. DuPont.

16   It is now 10:31 a.m., and Mr. Birch is still not

17   present for his deposition.  I called Mr. Birch's

18   telephone number as indicated on the complaint in this

19   action at approximately 10:12 a.m. and left a message

20   for Mr. Birch to call and/or show up for his

21   deposition.  I have received no response to that

22   message nor have I otherwise heard from Mr. Birch

23   regarding his absence.

24                  Out of courtesy to the court reporter,

25   I am going to release her at this time and adjourn

                                                         3

1   this deposition.

2                          - - -

3                  (Statement concluded at 10:33 a.m.)

4                          - - -

                        Page 2

```
                          9712-1.txt
 5                          INDEX

 6   BIRCH DEPOSITION EXHIBITS                    Marked

 7    1   Two-page notice of deposition of
          Joseph Birch, dated 8/14/07-----------    2
 8
                            - - -
 9
     (Exhibit attached to original transcript and copy.)
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

 ☐                                                                    4

```
 1                        CERTIFICATE

 2                    I, LORRAINE B. MARINO, Registered

 3    Diplomate Reporter and Delaware Notary Public, do

 4    hereby certify that the foregoing pages numbered 2

 5    through 3 contain a true and correct transcription of

 6    the statement for the record as stenographically

 7    reported by me on the date therein indicated.

                          Page 3
```

9712-1.txt

8          IN WITNESS WHEREOF I have hereunto set

9    my hand at Wilmington, this 28th day of August, 2007.

10

11

12

13                      Registered Diplomate Reporter
                        and Delaware Notary Public
14                      Certificate No. 181/Exp.: Permanent

15

16

17

18

19

20

21

22

23

24

25

Page 4

# EXHIBIT F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOSEPH BIRCH,                        )
                                     )
      Plaintiff,               )    C.A. No. 05-799 (JJF)
                                     )
    v.                              )
                                     )
E. I. DUPONT DE NEMOURS              )
& CO., INC.,                         )
                                     )
      Defendant.               )

### FINAL ORDER

    **THE COURT**, having considered the Motion To Dismiss or In The Alternative To Compel filed by Defendant on August 28, 2007, and Plaintiff Joseph Birch having failed to appear for his deposition and having failed to respond to any outstanding discovery requests;

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this action is **DISMISSED** with prejudice.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____
815384

# EXHIBIT G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JOSEPH BIRCH,                          )
                                       )
      Plaintiff,              )          C.A. No. 05-799 (JJF)
                                       )
  v.                                   )
                                       )
E. I. DUPONT DE NEMOURS                )
& CO., INC.,                           )
                                       )
      Defendant.              )

## <u>ORDER</u>

    **THE COURT,** having considered the Motion To Dismiss or In The Alternative To Compel filed by Defendant on August 28, 2007, and Plaintiff Joseph Birch having failed to appear for his deposition and having failed to respond to the outstanding discovery requests;

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1)    Plaintiff shall provide full and complete written responses to Defendant's First Set of Interrogatories and First Request For Production Of Documents on or before September 4, 2007;

2)    Plaintiff shall file Initial Disclosures as required by Fed. R. Civ. P. 26(a) on or before September 4, 2007;

3)    Plaintiff shall appear for his deposition on or before September 11, 2007;

4)    Should Plaintiff fail to perform any one or all of the items ordered above, Plaintiff's case shall be dismissed with prejudice; and

5)    Plaintiff shall pay the Defendant's reasonable costs associated with this Motion by no later than September 11, 2007.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____
815384

## CERTIFICATE OF SERVICE

I, Sarah Elizabeth DiLuzio, hereby certify this 28th day of August, 2007, that the foregoing **MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2) true and correct copies were sent via Federal Express to the following:

Joseph Birch, *Pro Se*
66 Hetton Court
Glassboro, NJ 08028


Sarah Elizabeth DiLuzio (Del. Bar #4085)
Potter Anderson & Corroon, LLP
Hercules Plaza, Sixth Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6042 (Telephone)
(302) 658-1192 (Facsimile)
sdiluzio@potteranderson.com (Email)

815384