

**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Sarah E. DiLuzio**
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

September 14, 2007

**ELECTRONIC FILING via CM/ECF**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

   Re: **Joseph Birch v. E. I. du Pont de Nemours and Company, Inc.,
      C.A. No. 05-799-JJF**

Dear Judge Farnan:

  I write on behalf of the defendant in this action, E. I. du Pont de Nemours and Company ("DuPont") to respond to Plaintiff's letter to the Court, e-filed on September 7, 2007, in which he requests more time to prepare his case.

  First, I must note that Plaintiff did not serve DuPont with a copy of this letter. Nor has Plaintiff ever contacted this office to discuss scheduling of the case, discovery, or any other matter. Indeed, as Your Honor is aware, DuPont filed a motion to dismiss on August 28, 2007 as a result of Plaintiff's failure to respond to discovery and failure to attend his deposition. Plaintiff's recent letter does not mention that motion, nor offer any reasons for his failure to participate in discovery thus far.

  Second, the proposed Scheduling Order that the parties presented to the Court on March 15, 2007 was agreed to by Plaintiff. The Court approved that schedule, and it now governs the direction of this action. Pursuant to the final Scheduling Order, fact discovery closed on August 31, 2007. Plaintiff's request for "more time" comes too late. If the Court denies DuPont's pending motion to dismiss, Plaintiff should nonetheless be foreclosed from initiating any discovery at this late date.

  Finally, the suggestion that DuPont has somehow acted improperly with regard to this action is false. Plaintiff has never contacted this office, nor anyone at DuPont, to arrange to depose witnesses. Moreover, were Plaintiff to contact DuPont employees for an informal interview, affected DuPont employees have merely been asked to contact DuPont Legal.

  Plaintiff's letter blames DuPont for his failure to prosecute his action. Nothing can be

The Honorable Joseph J. Farnan, Jr.
September 14, 2007
Page 2

further from the truth. It is DuPont who has, at every step of the process, attempted to move this litigation forward so that it may be resolved. DuPont's efforts have met with complete silence from Plaintiff. After allowing the discovery period to pass without any action whatsoever, Plaintiff should not be permitted a second bite at the apple. Plaintiff should, however, be required to immediately respond to the discovery properly served by DuPont and to submit for a deposition.

      Counsel are available at the Court's convenience should Your Honor have any questions.

      Respectfully,

      */s/ Sarah E. DiLuzio*
      Sarah E. DiLuzio
      (Delaware Bar I.D. 4085)

cc:  Clerk of the Court (Electronic filing via CM/ECF)
     Joseph Birch (via U.S. mail)

817730