IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH BIRCH, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 05-799 (JJF) |
| ) | |
| v. ) | |
| ) | |
| E. I. DUPONT DE NEMOURS ) | |
| & CO., INC., ) | |
| ) | |
| Defendant. ) | |

## RENEWED MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 37 and 41, Defendant E. I. du Pont de Nemours and Company ("DuPont") hereby renews its motion to dismiss this action with prejudice due to Plaintiff's continued failure to respond to written discovery, appear for his deposition, or otherwise prosecute this action. The grounds for this motion are as follows:

### First Motion to Dismiss

1.  DuPont originally moved to dismiss this employment discrimination action on August 28, 2007, after *pro se* Plaintiff Joseph Birch ("Plaintiff") failed to respond to written discovery or appear for his properly noticed deposition. Indeed, as DuPont noted in its original motion, Plaintiff failed to initiate any action that would move this matter forward and ignored repeated attempts by DuPont to engage him in the discovery process.

2.  Plaintiff's only response to DuPont's original motion to dismiss was a letter to the Court, which he did not provide to counsel, in which he requested additional time to prepare his case. (D.I. 20)

3.  The Court entered an Order on September 21, 2007, extending the discovery cut-off date to November 23, 2007 and denying DuPont's motion to dismiss, with leave to renew if

Plaintiff failed to comply with additional provisions of the Order. (D.I. 22) Specifically, in paragraph 5, the Court ordered: "Plaintiff shall respond to all outstanding discovery, including deposition, no later than October 26, 2007."

<u>Plaintiff's Failure to Comply with Court's Order</u>

4. Simply stated, Plaintiff squandered his second chance. Plaintiff failed to initiate any discovery in the additional time provided by the Court. He is now barred from doing so. More importantly, Plaintiff has failed to comply with the provisions of paragraph 5 of the Court's Order. To date, Plaintiff has not responded to DuPont's First Set of Interrogatories and Requests for the Production of Documents, which were served on July 17, 2007. Nor has Plaintiff appeared for his deposition.

5. DuPont served Plaintiff with a Re-Notice of Deposition by Federal Express on October 9, 2007, which required him to appear at Potter Anderson & Corroon LLP on October 24, 2007 at 10:00 a.m. for his deposition. (D.I. 23) On October 24, 2007 at 10:00 a.m., defense counsel and a court reporter were present for Plaintiff's deposition – Plaintiff failed to appear for the second time. Defense counsel and the court reporter waited for Plaintiff to appear for over 30 minutes before counsel adjourned the deposition. As a result of Plaintiff's failure to appear, DuPont again incurred unnecessary court reporter and counsel fees.

6. At approximately 11:23 a.m. on October 24, 2007, Plaintiff sent a letter by fax to DuPont's counsel stating that he was "unable to participate" in the deposition that was scheduled for earlier that morning due to child care issues. (D.I. 26; attached as Ex. A) Plaintiff's letter further indicated that he would be available for deposition on Monday, October 29, 2007. *Id.* Despite having been provided two weeks' notice of his rescheduled deposition, Plaintiff waited

until after it was scheduled to begin to inform DuPont that he was unavailable on the appointed date.

7. Moreover, the Court's September 21 Order required that Plaintiff appear for deposition *no later than* October 26, 2007. Nonetheless, because Plaintiff offered to appear on October 29, which was the next business day, DuPont thought it reasonable to re-schedule his deposition a third time[1].

8. DuPont therefore served Plaintiff with a Second Re-Notice of Deposition by Federal Express on October 24, 2007, requiring him to appear for his deposition on October 29, 2007 at 10:00 a.m. (D.I. 25) The Federal Express receipt confirms that the Second Re-Notice of Deposition was personally served upon Plaintiff at 9:32 a.m. on October 25, 2007. (Receipt Confirmation is attached as Ex. B.)

9. On October 29, 2007, defense counsel and a court reporter were again present for Plaintiff's deposition – Plaintiff failed to appear for the third time. Defense counsel and the court reporter again waited for Plaintiff to appear for over 30 minutes before counsel adjourned the deposition.

10. On October 30, 2007, Plaintiff sent an email to the undersigned in which he claims that he did not receive any correspondence from DuPont rescheduling his deposition. (10/30/07 Email is attached as Ex. C.) Plaintiff further offers to make himself available on November 5, 2007 in New Jersey[2]. *Id.* Plaintiff's claim that he did not receive notice of the October 29 deposition is false, as evidenced by the Federal Express receipt. In any event,

---

[1] Given the limited nature of the extension, DuPont did not wish to trouble the Court with this development at the time.
[2] Should the Court deny this motion and extend Plaintiff yet another opportunity to appear for deposition (which DuPont strongly opposes), said deposition will take place in Wilmington, Delaware, Plaintiff's chosen forum.

3

Plaintiff's belated email does not remedy the fact that he has completely failed to comply with the Court's September 21, 2007 Order.

11. Federal Rule of Civil Procedure 41(b) provides DuPont with the right to move for the involuntary dismissal of an action for failure of the plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or any order of the court. Moreover, Federal Rule of Civil Procedure 37(b)(2) provides for a number of options, including dismissal of the action, when a party fails to obey an order to provide or permit discovery. Federal Rule of Civil Procedure 37(d) also provides for dismissal of the action when a party fails to appear for a deposition. As set forth above, Plaintiff has *repeatedly* refused to provide and permit discovery, and has utterly failed to comply with the September 21, 2007 Order of this Court and the Federal Rules of Civil Procedure.

12. For the reasons set forth above and given Plaintiff's complete disregard for the Order of this Court and the Federal Rules of Civil Procedure, as well as his responsibility to prosecute this action diligently, DuPont respectfully requests that an Order be entered dismissing this action with prejudice. (A form of order dismissing the action is attached.)

13. Finally, DuPont requests that it be reimbursed for the costs and attorneys' fees it incurred due to Plaintiff's failure to respond to discovery and his failure to appear at his three properly scheduled depositions pursuant to Federal Rule of Civil Procedure 37(a)(4), (b)(2) and (d)(1).

WHEREFORE, Defendant E. I. du Pont de Nemours and Company respectfully requests that its Renewed Motion to Dismiss be GRANTED.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Kathleen Furey McDonough (# 2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email

*Attorneys for Defendant*

*E. I. du Pont de Nemours and Company*

Dated: October 30, 2007
828173v2

5