IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH BIRCH, | : |
| | : |
|     Plaintiff, | : |
| | : |
|   v. | : Civ. Action No. 05-799-JJF |
| | : |
| E.I. DUPONT DE NEMOURS & CO., | : |
| INC., | : |
| | : |
|     Defendant. | : |

Joseph Birch, Pro se Plaintiff, Glassboro, New Jersey.

Sarah E. DiLuzio, Esquire, Potter Anderson & Corroon, LLP, Wilmington, Delaware.  Attorney for Defendant.

**MEMORANDUM OPINION**

December ____, 2007
Wilmington, Delaware

**Farnan, District Judge**

    Presently before the Court is Defendant's Renewed Motion To Dismiss, docketed as a Second Motion To Dismiss For Lack Of Prosecution. (D.I. 27.) Plaintiff did not file a formal response to the Renewed Motion. However, after defense counsel advised that she would be filing a motion to dismiss, he filed a letter asking the Court to consider his claim and to allow him to move forward with his deposition. (D.I. 28.) For the reasons set forth below, the Court will grant the Renewed Motion To Dismiss. (D.I. 27.)

## I. BACKGROUND

    Plaintiff, who proceeds *pro se*, filed this employment discrimination action pursuant to 42 U.S.C. § 2000(e), *et seq*. On September 21, 2007, upon Motion by Plaintiff, the Court entered an Order extending the discovery cut-off date to November 23, 2007. (D.I. 22.) Defendant opposed the Motion. It had filed a Motion To Dismiss due to Plaintiff's alleged failure to respond to Defendant's discovery and to appear for his properly noticed deposition. (D.I. 18.) The Court denied Defendant's Motion To Dismiss with leave to renew if Plaintiff failed to comply with the following: "Plaintiff shall respond to all outstanding discovery, including deposition, no later than October 26, 2007." (D.I. 22, ¶ 5.)

-1-

Defendant's Renewed Motion To Dismiss states that "[t]o date, Plaintiff has not responded to DuPont's First Set of Interrogatories and Requests for the Production of Documents, which were served on July 17, 2007. Nor has Plaintiff appeared for his deposition." (D.I. 27, ¶ 4.) Following the Court's September 21, 2007 Order, on October 9, 2007, Defendant served Plaintiff with a "Re-Notice of Deposition" to appear for his deposition on October 24, 2007, at 10:00 a.m. Defense counsel and a court reporter were present for the deposition, but Plaintiff did not appear at the appointed time. Approximately one and one-half hours after the deposition was scheduled to begin, defense counsel received a letter from Plaintiff, via fax, stating that he could not participate in the scheduled deposition because he was required to care for his two sons. (D.I. 26, 27, Ex. A.) The letter stated that Plaintiff was available for deposition on October 29, 2007. (Id.)

Plaintiff's deposition was rescheduled for October 29, 2007, at 10:00 a.m., and Plaintiff was served with a "Re-Notice of Deposition" by Federal Express. The Federal Express receipt shows that the package was delivered to Plaintiff's address on October 25, 2007, at 9:32 a.m. (D.I. 2, Ex. B.) Nonetheless, Plaintiff did not appear for his rescheduled deposition. Plaintiff e-mailed defense counsel on October 30, 2007, stating

that he did not receive any correspondence regarding his rescheduled deposition. (D.I. 27, Ex. C.) The e-mail stated that Plaintiff was rescheduling the deposition to take place on November 5, 2007, and the "[l]ocation will be at . . . New Jersey." (Id.)

On October 31, 2007, Plaintiff sent a letter to the Court stating that defense counsel is "not providing [him] the courtesy of moving forward with 'Plaintiff Deposition.'" (D.I. 28.) The letter states that Plaintiff explained to defense counsel he was unable to attend the October 24, 2007 deposition, he rescheduled for October 29, 2007, and did not receiving any correspondence from defense counsel regarding the change, and he rescheduled the deposition for November 5, 2007.[1] In his letter, Plaintiff asks the Court to consider his claim, and to allow him to move forward with his deposition, as well as the remaining schedule for the case.

## II. STANDARD OF LAW

Rule 37 provides the Court with the authority to dismiss a case for failure to comply with a discovery order. Additionally, Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with

---

[1] The letter actually states the deposition was rescheduled for October 5, 2007, but it is evident from Plaintiff's e-mail to defense counsel that the date is November 5, 2007.

-3-

[the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998). Dismissal is a severe penalty and is appropriate only in the most extreme cases. C.T. Bedwell & Sons, Inc. v. International Fidelity Ins. Co., 843 F.2d 683, 696 (3ed Cir.

1988). However, "[i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

## III. DISCUSSION

The Court finds that the first through the fifth Poulis factors warrant dismissal of Plaintiff's case. First, as a pro se litigant, Plaintiff is solely responsible for prosecuting his claim. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992).

Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. Ware v. Rodale Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's repeated failure to attend his deposition severely impedes Defendant's ability to prepare a trial strategy. Furthermore, the costs and time wasted in scheduling unattended depositions is prejudicial for the purposes of the second Poulis factor. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

As to the third factor, the court docket reflects a history of dilatoriness. Defendant's initial Motion To Dismiss was based upon Plaintiff's failure to respond to Defendant's discovery request and to attend his deposition. The Court was lenient with

Plaintiff because he proceeds pro se, and did not grant the Motion To Dismiss. However, the Court gave Plaintiff a deadline to comply with discovery. Plaintiff was ordered to respond to all outstanding discovery, including his deposition by October 26, 2007. He failed to comply with the Order and did not attend his scheduled deposition or respond to Defendant's discovery within the time-frame ordered by the Court. Notably, Plaintiff did not see fit to advise defense counsel that he would not attend his deposition on October 24, 2007, until over an hour after the deposition was scheduled to begin. Thus, the third factor weighs in favor of dismissal.

As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute is willful or in bad faith. The Court notes that Plaintiff did not advise defense counsel that he would not appear for his deposition until after the deposition was scheduled to begin. Plaintiff claims he did not receive notice of the deposition rescheduled for October 29, 2007, but documentation from Federal Express indicates that notice was delivered to Plaintiff's address on October 24, 2007. Moreover, Plaintiff is aware the Court ordered him to respond to all outstanding discovery and attend his deposition by October 26, 2007. The Court finds that Plaintiff willfully and in bad faith failed to attend to his depositions and represented that he

had no notice of the second rescheduled deposition when documentation proved otherwise.

As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Plaintiff proceeds in forma pauperis. Monetary penalties, therefore, would be inappropriate and unavailing. Precluding Plaintiff from presenting certain evidence would not mitigate the prejudice of preventing Defendant from deposing him. Furthermore, Plaintiff's deposition is relevant to the case, so precluding him from presenting evidence relevant to his deposition testimony would have the same effect as dismissal. For the same reason, granting summary judgment in favor of Defendant or forbidding Plaintiff from pursuing further discovery would have the same effect as dismissal given the sparse record. Finally, granting attorney's fees would be ineffective because it would not counterbalance the Defendant's need to depose Plaintiff to prepare its defense.

The Court finds the sixth factor, the merits of the claim, is neutral. Given Plaintiff's failure to attend his deposition, the Court finds the record too sparse to adequately address the merits of his claim. The other five Poulis factors, however, weigh in favor of dismissal.

## IV. CONCLUSION

The Court finds that Plaintiff ignored the Court's September 25, 2007 Order, failed to comply with the Federal Rules of Civil Procedure, and willfully failed to attend his scheduled deposition. Accordingly, the Court will grant Defendant's Renewed Motion To Dismiss for failure to prosecute. (D.I. 27.) An appropriate Order will be entered.